J-A29032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

KENNETH SUCHMA AND JANICE : IN THE SUPERIOR COURT OF
SUCHMA, Husband and Wife, : PENNSYLVANIA
:
:
:
Appellants :
:
v. :
:
:
DAVID LASOTA AND CAROLINE :
LASOTA, Husband and Wife, : No. 1932 WDA 2014

Appeal from the Order entered October 28, 2014
in the Court of Common Pleas of Allegheny County,
Civil Division, No. GD-12-010229

BEFORE: FORD ELLIOTT, P.J.E., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 05, 2016**

Kenneth Suchma and his wife, Janice Suchma (collectively "Suchma"),

appeal from the Order directing David LaSota[1] and Caroline LaSota

(collectively "LaSota") to remove a fence and abate water discharging from

their shed into Suchma's property. We affirm.

The trial court summarized the relevant factual and procedural history

as follows:

> The parties in this dispute are next door neighbors residing
> at 26 and 24 John Street in Crafton Borough, Allegheny County,
> Pennsylvania. The dispute is over storm water drainage and a
> small flower garden [planted by LaSota]. The non-jury trial of
> the dispute was held before [the Honorable Alan Hertzberg on
> October 2, 2014], and [Judge Hertzberg] thereafter ordered
> [LaSota] to remove a fence in the flower garden[,] and abate
> water discharging from their shed on to the property of

---

[1] David LaSota died after the commencement of the action, and prior to the
non-jury trial of this matter.

[Suchma]. Suchma has appealed [Judge Hertzberg's] ruling to the Superior Court [] because [Judge Hertzberg] did not also order La[S]ota to remove the rest of the flower garden. ….

The flower garden that Suchma wants removed is located on an unpaved and unimproved portion of John Street, bordering the La[S]ota front yard, and near the Suchma property. [The garden] consist[s] of a wooden post and rail fence, small flower-producing plants and 12 decorative flat stones, covering an area of approximately 20 to 40 square feet. [Judge Hertzberg] ordered La[S]ota to remove the fence, but not the rest of the garden. Suchma wants La[S]ota to remove the rest of the flower garden because it allegedly interferes with Suchma's water line and with their use of the John Street public right-of-way.

John Street is a public street[,] paved with asphalt [and] wide enough for two lanes of vehicular traffic to the point where it reaches the Suchma land, as Crafton Borough left John Street unopened at that point for over 21 years. …. Suchma or a prior owner paved a short portion of the unopened part of John Street approximately one lane in width, and Suchma uses this paved area for parking cars. The portion of John Street in front of Suchma's residence otherwise is unpaved.

Trial Court Opinion, 1/27/15, at 1-2 (footnote omitted, citations omitted).[2]

Suchma filed a court-ordered Concise Statement of Errors Complained of on Appeal, and the trial court thereafter issued an Opinion.[3]

---

[2] We make the following procedural clarification to the trial court's recitation. After trial, the trial court entered a verdict awarding Suchma nominal damages in the amount of $1.00, directing LaSota to remove the fence, and prohibiting LaSota from placing or erecting a fence within the John Street right-of-way. **See** Non-Jury Verdict 10/2/14, at 1. Suchma filed a Motion for post-trial relief. On October 29, 2014, the trial court granted in part and denied in part the Motion, and modified the Non-Jury Verdict by ordering LaSota to immediately abate the discharge of water from a shed on their property. **See** Order 10/29/14, at 1.

[3] This Court initially quashed Suchma's appeal as interlocutory because the non-jury verdict, as modified by the trial court, had not been reduced to

On appeal, Suchma raises the following issue for our review:

> Did [Suchma] prove that [LaSota] committed trespass by [LaSota's] admittedly placing and maintaining a raised earthen berm or planting area, large landscaping stones, and vegetation in the public right-of-way, immediately adjacent to [Suchma's] property, and directly over top of [Suchma's] private water line, which limited [Suchma's] access and obstructed parking in the public right of way and the private "paper street" with which it was continuous?

Brief for Appellants at 4.

> Our appellate role in cases arising from non[-]jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue ... concerns a question of law, our scope of review is plenary.

*Wyatt Inc. v. Citizens Bank of Pa.*, 976 A.2d 557, 564 (Pa. Super. 2009) (citations omitted).

Suchma contends that the trial court erred by not finding that the garden area constitutes a trespass, despite its finding that the fence atop the garden area constitutes a trespass. Brief for Appellants at 10. Suchma asserts that there is no relevant distinction between the garden and the fence, and claims that both constitute an encroachment on the public right-of-way and on access between Suchma's property and the right-of-way. *Id*.

---

judgment. However, after this procedural defect was cured, we granted Suchma's Motion to Reinstate the appeal.

Suchma claims that LaSota has no right to assert dominion and control over the right-of-way. *Id*. Suchma argues that LaSota has deprived Suchma of reasonable ingress and egress to the Suchma property from John Street by placing the garden in the right-of-way. *Id*. at 11. Suchma contends that, per the Suchma property deed, John Street was designed to continue through the Suchma property, but was never opened by Crafton Borough. *Id*. at 12. Suchma asserts that the deed created a "private contractual right" for Suchma to use the right-of-way and the John Street extension as a private "paper street." *Id*. Suchma claims that the trial court erred by using an easement theory with regard to Suchma's access to the right-of-way, given Suchma's rights in and to the right-of-way and the paper street extention. *Id*. According to Suchma, by using an easement theory, the trial court held Suchma to an "unreasonable interference" standard to show a legal violation by LaSota, rather than finding that LaSota's encroachment on the right-of-way constituted an interference with Suchma's property rights as a matter of law. *Id*. at 13.[4]

The trial court addressed Suchma's issue and determined that it lacks merit. *See* Trial Court Opinion, 1/27/15, at 2-4. We discern no error of law or abuse of discretion by the trial court, and affirm on this basis. *See id*.

---

[4] Suchma also attempts to rely on events that purportedly occurred *after* the non-jury trial had concluded and *after* Suchma had commenced this appeal. *See* Brief for Appellants at 10. However, such events are not part of the record and, hence, are not evidence that may be considered in our determination.

Order affirmed.

Ford Elliott, P.J.E., joins the memorandum.

Bowes, J., files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2016

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

KENNETH SUCHMA and JANICE
SUCHMA, husband and wife,

     Plaintiffs,

    vs.

DAVID LASOTA and CAROLYN
LASOTA, husband and wife,

     Defendants.

CASE NO. GD 12-10229

Superior Court No. 1932 WDA 2014

## OPINION

Judge: Alan Hertzberg           Date Filed: January 26, 2015

The parties in this dispute are next door neighbors residing at 26 and 24 John Street in Crafton Borough, Allegheny County, Pennsylvania. The dispute is over storm water drainage and a small flower garden. The non-jury trial of the dispute was held before me, and I thereafter ordered Defendants David Lasota[1] and Carolyn Lasota ("Lasota" hereinafter) to remove a fence in the flower garden and abate water discharging from their shed on to the property of Plaintiffs Kenneth Suchma and Janice Suchma ("Suchma" hereinafter). Suchma has appealed my ruling to the Superior Court of Pennsylvania because I did not also order Lasota to remove the rest of the flower garden. This opinion explains the reasons for my ruling. See Pa. R.A.P. No. 1925(a).

The flower garden that Suchma wants removed is located on an unpaved and unimproved portion of John Street, bordering the Lasota front yard, and near the Suchma property. A photograph of this garden (see trial exhibit D.1) shows it to consist of a

---

[1] David Lasota died in March of 2014, which was after Plaintiffs commenced these proceedings but before the trial.

1

wooden post and rail fence, small flower-producing plants and 12 decorative flat stones, covering an area of approximately 20 to 40 square feet. I ordered Lasota to remove the fence, but not the rest of the garden. Suchma wants Lasota to remove the rest of the flower garden because it allegedly interferes with Suchma's water line and with their use of the John Street public right-of-way.

John Street is a public street paved with asphalt wide enough for two lanes of vehicular travel to the point where it reaches the Suchma land, as Crafton Borough left John Street unopened at that point for over 21 years. See 8 Pa. C.S. §1724. Suchma or a prior owner paved a short portion of the unopened part of John Street approximately one lane in width, and Suchma uses this paved area for parking cars. The portion of John Street in front of Suchma's residence otherwise is unpaved.

An owner of land subject to an easement, including an easement for a right-of-way, may make any use of the easement that does not unreasonably interfere with the use and enjoyment of the easement. Matakitis v. Woodmansee, 446 Pa. Super. 433, 667 A.2d 228 (1995). Encroachment into the easement will be permitted unless there is significant interference with use of the easement. Big Bass Lake Community Ass'n v. Warren, 950 A.2d 1137, 1145 (Pa. Cmwlth. 2008) citing Moyerman v. Glanzberg, 391 Pa. 387 at 391, 138 A.2d 681 at 683 (1958).

At trial, Suchma's primary concern with the water line was that a fence post in the flower garden went 3 feet below the surface and very close to the water line. See Nonjury Transcript dated September 29, 2014 ("T." hereinafter), pp. 37-38 and 78-79. Since I ordered Lasota to remove the fence, this no longer can be Suchma's complaint. While it appears that the line that supplies the Suchma residence with drinking water runs

2

under the remaining flower garden, there was no testimony at the trial that this flower garden on the surface of the land unreasonably or significantly interfered with the use of the subsurface water line. In addition, the temporary nature of the flower garden poses no difficulty if excavation for a repair of the water line is needed in the future. Hence, assuming an easement exists for the water line, the flower garden does not unreasonably or significantly interfere with it. Therefore, there is no merit to the Suchma argument that the rest of the flower garden must be removed because it interferes with the water line.

Suchma also argues that there is no difference between the fence that had to be removed and the rest of flower garden that I allowed to remain. The difference, however, is that the fence significantly interferes with Suchma's use of the unpaved part of John Street for pedestrian ingress and egress, while the flower garden interference is minimal[2]. Clearly the small plants and flat, decorative rocks that make up the rest of the flower garden will not prevent pedestrian ingress and egress and pose less of an encroachment to the right-of-way than would weeds and underbrush that would otherwise grow there. Since the flower garden does not encroach on any paved portion of John Street, there is no interference whatsoever with the ingress or egress of cars. Hence, because the flower garden does not significantly interfere with Suchma's use of the right-of-way, my decision to allow it to remain was correct[3].

---

[2] Suchma's expert on municipal code compliance testified that the fence is not permitted in the right-of-way. See T., pp. 134-135. However, he provided no testimony relative to whether the remaining components of the flower garden also are not permitted.

[3] Suchma's Concise Statement of Errors Complained of on appeal, at paragraph nos. 5 and 8, raises the additional issue that the flower garden prevents parking in the right-of-way. The amended complaint does not mention the parking issue, and at trial Suchma's counsel elected to withdraw a question and an exhibit concerning the topic. See T., pp. 49-50. Suchma has therefore waived the right to appeal as to the parking issue. Pa. R.C.P. No. 227.1(b)(1). In any event, this area cannot be used for parking primarily due to large

3

BY THE COURT:

_____ ,J.

---

trees planted by Janice Suchma's father. <u>See</u> T., pp. 46 and 79. The remaining components of the flower garden do not prevent parking.

4